NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONNA MCGOVERN, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 05-3289 (JAP) |
| v. : | |
| : | **ORDER** |
| AGC CHEMICALS AMERICAS, INC., : | |
| : | |
| Defendant. : | |

Presently before the Court is Defendant, AGC Chemicals Americas, Inc.'s ("Defendant") motion for summary judgment or, in the alternative, partial summary judgment. Plaintiff, Donna McGovern ("Plaintiff") opposes the motion.

The Court heard oral argument on March 17, 2008. Upon review of the parties' submissions and arguments, the Court finds that Defendant is not entitled to either summary judgment or partial summary judgment.

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988). On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).  If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial.  *Id.* at 324.

Defendant argues that the Court should grant its motion because without the testimony of Plaintiff's expert witness, Francis Gendlek, Plaintiff cannot establish her claim for compensatory damages.  Defendant claims that any additional testimony on damages would merely be speculative.  Further, Defendant contends that even if the Court were to conclude that it is not entitled to summary judgment, the Court should grant it partial summary judgment since Plaintiff's compensatory damages are limited because she voluntarily removed herself from the workforce by enrolling in college.

The Court finds that Plaintiff does not need a qualified expert in forensic economics to testify.  There are no earnings projections that require the analysis of such an expert.  *See Maxfield v. Sinclair Int'l*, 766 F.2d 788 (3d Cir. 1985) (determining that the plaintiff based his request for damages for front pay on his prior earning history and holding that no expert testimony was required).  Here, a forensic economics expert is unnecessary because Plaintiff's claim for compensatory damages is a straightforward calculation based upon her former earnings and benefits.  Plaintiff may testify as to these damages.

The Court further finds that whether Plaintiff's compensatory damages are limited by her enrollment in college is a question of fact to be determined by a jury.  The court in *Keller v. Connaught, Inc.*, Civ. No. 96-177, 1997 U.S. Dist. LEXIS 1241 (E.D. Pa. February 10, 1997), held that there are circumstances where education can be considered mitigation for damages purposes.  The court reasoned that a plaintiff may not be able to find "suitable, comparable employment" after termination and may have no choice but to further her education in order to later "re-enter the workforce."  *Keller*, 1997 U.S. Dist. LEXIS 1241, at *9. "Sometimes...education is designed to secure comparable employment; for those who cannot find

work, education can be the only path to mitigation." *Id.*; *see also EEOC v. Local 638*, 674 F. Supp. 91, 104 (S.D.N.Y. 1987) (explaining that "one who chooses to attend school only when diligent efforts to find work prove fruitless, or who continues to search for work even while enrolled in school" meets the mitigation duty). A plaintiff, however, upon entering into school, must remain "ready, willing and available to enter the work force." *Id.*

Whether a plaintiff remains "ready, willing and available" depends on factual circumstances. *See EEOC*, 674 F. Supp. at 104 (noting that an individual's education must not be inconsistent with his responsibility to use reasonable diligence in finding comparable employment). Courts have noted that placing applications on file with various employers, registering with a school's career service office, networking with others for employment opportunities, or securing temporary jobs while in school are examples of a plaintiff's readiness and willingness to reenter the work force. *See Hanna v. Am. Motors Corp.*, 724 F.2d 1300, 1307 (7th Cir. 1984); *Brady v. Thurston Motor Lines, Inc.*, 753 F.2d 1269, 1274 (4th Cir. 1985). Therefore, because Plaintiff's enrollment in college raises questions of fact as to whether she mitigated damages by continuing to seek employment, the Court denies Defendant's motion for partial summary judgment. Accordingly, **IT IS**

**ON THIS** 18th day of March, 2008,

**ORDERED** that Defendant's motion for summary judgment and, in the alternative, partial summary judgment is **DENIED**.

**SO ORDERED**.

/s/ JOEL A. PISANO
United States District Judge